IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

SHAWN DALE HUGHES                                                                                  PLAINTIFF

                v.                                             Civil No. 14-2040

CAROLYN W. COLVIN,[1] Commissioner
Social Security Administration                                                                     DEFENDANT

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, Shawn Dale Hughes, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying his claim for disability insurance benefits ("DIB") Title II of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**I.      Procedural Background**

Plaintiff applied for DIB on May 23, 2011. (Tr. 207.) Plaintiff alleged an onset date of May 26, 2009 due to sleep apnea, narcolepsy, and depression. (Tr. 236.) Plaintiff's applications were denied initially and on reconsideration. Plaintiff requested an administrative hearing, which was held on August 30, 2012 in front of Administrative Law Judge ("ALJ") Eliaser Chaparro. Plaintiff was present to testify and was represented by counsel. The ALJ also heard testimony from Melissa Asher (Plaintiff's fiancee') and Vocational Expert ("VE") Mack Welch. (Tr. 125, 147.)

At the time of the administrative hearing, Plaintiff was 35 years old, and possessed a high school diploma (special education track) and three years of college. (Tr. 131, 237.) The Plaintiff had past relevant

---

[1]Carolyn W. Colvin became the Social Security Commissioner on February 14, 2013. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn W. Colvin has been substituted for Commissioner Michael J. Astrue as the defendant in this suit.

work experience ("PRW") as a band saw operator, assembler, routine office clerk, and hand packer. (Tr. 117.)

On November 1, 2012 , the ALJ concluded that Plaintiff had the following severe impairments: degenerative disc disease of the lumbar spine, diabetes mellitus, obesity, obstructive sleep apnea, and depressive disorder. (Tr. 108.) The ALJ found that Plaintiff maintained the residual functional capacity to perform light work, except he cannot do frequent bending.

> Moreover, the claimant must take syncope precautions in that he cannot work at unprotected heights, around moving or dangerous machinery or drive a vehicle. Mentally the claimant is limited to unskilled work. Unskilled work is defined as work where interpersonal contact is incidental to the work performed, the complexity of tasks is learned and performed by rote, involves few variables, requires little judgment, and the supervision required is simple, direct and concrete.

(Tr. 112.) With the assistance of the VE, the ALJ determined that the Plaintiff could perform such representative occupations as small product assembler and machine feeder. (Tr. 118.)

Plaintiff requested a review by the Appeals Council on December 19, 2012. (Tr. 102.) The Appeals Council declined review on January 23, 2014. (Tr. 1.)

Plaintiff filed an appeal to this Court on February 28, 2014. (ECF. No. 1.) On June 5, 2014, Plaintiff filed a Motion to Supplement the record with new and material evidence in the form of a Diabetes Mellitus Residual Functional Capacity Questionnaire dated December 6, 2012. (ECF. Nos. 9, 10.) Both parties have filed appeal briefs, and the case is now ready for decision. (ECF Nos. 11, 12. )

**II.　Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007). Substantial evidence is less than a preponderance, but enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Id*. "Our review extends beyond examining the record to find substantial evidence in support of the ALJ's decision; we also consider evidence in the record that fairly detracts from

that decision." *Id.* As long as there is substantial evidence in the record to support the Commissioner's decision, the court may not reverse the decision simply because substantial evidence exists in the record to support a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). If the court finds it possible "to draw two inconsistent positions from the evidence, and one of those positions represents the Secretary's findings, the court must affirm the decision of the Secretary." *Cox*, 495 F.3d at 617 (internal quotation and alteration omitted).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see* 42 U.S.C. § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months. *Titus v. Sullivan*, 4 F.3d 590, 594 (8th Cir. 1993).

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)- (f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

**III.    Discussion**

Plaintiff moved this Court to Supplement the Administrative Record with New and Material Evidence pursuant to sentence six of 42 U.S.C. § 405(g). Plaintiff also raises three issues on appeal pursuant to sentence four of 42 U.S.C. § 405(g): 1) the ALJ failed to properly develop the evidence; 2) the ALJ failed to consider evidence which fairly detracted from his findings; 3) the ALJ failed to Apply Proper Legal Standards as to Plaintiff's Credibility, the Weight of Physician's Opinions, Plaintiff's RFC, and his Step 5 analysis. This Court finds that the only Physical RFC in the record is the one Plaintiff is seeking to supplement, therefore the record was not fully and fairly developed. A sentence four remand is therefore required, and the sentence six motion is subsumed into the sentence four remand and denied. The other appeal issues will not be addressed.

### A. Plaintiff's Motion to Supplement Record with New and Material Evidence

Plaintiff moved this Court to supplement the record with a Diabetes Mellitus Residual Functional Capacity Questionnaire completed by Dr. John Henderson of Christian Health Ministries on December 9, 2012. (ECF. Nos. 9, 10.) Plaintiff alleges that this document was timely submitted to the Defendant on December 18, 2012 in conjunction with his appeal to the AC, but was omitted from the transcript by Defendant. (ECF No. 9 at 1.)

Defendant included their Response to this Motion in their Brief, and asks that this Court deny the request. (ECF. No.12 at 5-9.) Defendant argues that the Plaintiff improperly submitted the RFC to the district office rather than directly to the Appeals Council. (ECF No. 12 at 9.)

Defendant cites no authority for her position. However, according to the SSA's "Appointed Representative Guide to Requesting Appeals Council Review & Submitting Additional Evidence to the Appeals Council," a representative has several options for submitting both the initial request for review and any additional evidence to the AC. In both cases, submitting directly to the local SSA office is one of the options. *See* Best Practices for Claimant's Representatives, SSA Publication No. 70-061 (Jan. 2011)

(linking to Appointed Representative Guide to Requesting Appeals Council Review & Submitting Additional Evidence to the Appeals Council, available at http://www.socialsecurity.gov/appeals/ reps/Appt_Rep_Guide_Req_AC_Review_Submit_Evidence.pdf.) Therefore, it does not appear that Plaintiff's submission should be excluded because it was sent to the SSA district office. Further, there is no disagreement that the RFC was actually sent to the Agency. However, no explanation was given by Defendant as to why the evidence did not subsequently appear in the final transcript sent to this Court on appeal.

Thus, the only real question regarding Plaintiff's proffered RFC assessment is whether it qualifies as new and material evidence.

Reviewing courts have the authority to order the Commissioner to consider additional evidence but "only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g); *Woolf v. Shalala*, 3 F.3d 1210 (8th Cir. 1993); *Chandler v. Secretary of Health and Human Servs.,* 722 F.2d 369, 371 (8th Cir. 1983). "To be material, new evidence must be non-cumulative, relevant, and probative of the claimant's condition for the time period for which benefits were denied, and there must be a reasonable likelihood that it would have changed the Commissioner's determination." *Woolf,* 3 F.3d at 1215. "The timing of an examination is not dispositive of whether evidence is material; medical evidence obtained after an ALJ decision is material if it relates to the claimant's condition on or before the date of the ALJ's decision." *Cunningham v. Apfel*, 222 F.3d 496, 502 (8th Cir. 2000.) (additional medical evidence about claimant's mental condition and dated six months after the ALJ's decision related to conditions that existed during the relevant period).

The Physical RFC assessment submitted by Plaintiff is the only Physical RFC in the record. It was completed by a treating physician that Plaintiff saw regularly at Christian Health Ministry in 2011 and 2012, leading up to the ALJ's opinion. It primarily addresses Plaintiff's diabetes mellitus, identified by the

5

ALJ as a severe impairment. It supports Plaintiff's claim of disability. (ECF No. 9-1.) Therefore it is new and material evidence that relates to the Plaintiff's condition on or before the ALJ's decision, and could possibly change the decision.

However, as the lack of this RFC in the administrative record is also the basis of the sentence four remand below, Plaintiff's Motion to Supplement the record with the RFC assessment of Dr Laurence is subsumed into the sentence four remand. Therefore, the motion is *denied* and further discussion of the RFC assessment is discussed below in this Court's remand directive.

### B. Development of Record

The ALJ has a duty to fully and fairly develop the record. *See Frankl v. Shalala*, 47 F.3d 935, 938 (8th Cir. 1995)(ALJ must fully and fairly develop the record so that a just determination of disability may be made). This duty exists "even if ... the claimant is represented by counsel." *Boyd v. Sullivan*, 960 F.2d 733, 736 (8th Cir.1992) (quoting *Warner v. Heckler*, 722 F.2d 428, 431 (8th Cir.1983)). Once the ALJ is made aware of a crucial issue that might change the outcome of a case, the ALJ must conduct further inquiry to fully develop the record. *Snead v. Barnhart*, 360 F.3d 834, 838 (8th Cir. 2004.); *see e.g. Vossen v. Astrue,* 612 F.3d 1011, 1016 (8th Cir. 2010) (ALJ's failure to recontact Commissioner's consultative physician to authenticate his report was reversible error when that report supported Plaintiff's claim).

Proper record development includes obtaining RFC assessments for a claimant's impairments from treating or examining physicians. The Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir. 2001) Therefore, a claimant's RFC assessment "must be based on medical evidence that addresses the claimant's ability to function in the workplace.""An administrative law judge may not draw upon his own inferences from medical reports."*Nevland v. Apfel*, 204 F.3d 853, 858 (8th Cir. 2000). Instead, the ALJ should seek opinions from a claimant's treating physicians or from consultative examiners regarding the claimant's mental and physical RFC. *Id.*; *Strongson v. Barnhart,* 361 F. 3d 1066, 1070 (8th Cir. 2004.)

6

In this case, Plaintiff alleged the physical impairments of sleep apnea and narcolepsy in his application. (Tr. 236.) The ALJ found that Plaintiff's degenerative disc disease of the lumbar spine, diabetes mellitus, obesity, and obstructive sleep apnea were all severe impairments. (Tr. 108.) Plaintiff has been seen regularly by physicians at Christian Health Ministry. (Tr. 23-39, 45-47, 448-458, 489-492). He has also been treated or evaluated for physical impairments by physicians at Baptist Health (Tr. 49-100), White County Medical Center (Tr. 40-44, 345-385), Greystone Medical Clinic (Tr. 326-334), Sleep Specialists of Arkansas (Tr. 421-426, 427-433, 434-442, 485-88), and UAMS Medical Center (Tr. 335-344). Despite this significant medical history for physical impairment, the record is devoid of a Physical RFC assessment from any physician. Thus the ALJ could only have relied upon his own inferences from medical reports in arriving at his Overall RFC. This requires a remand.

On remand, the ALJ is directed to include the Physical RFC from Plaintiff's treating Physician John Henderson of Christian Health Ministries into the administrative record. He must reference and discuss this RFC. In the event that the ALJ does not find that Dr. Henderson's RFC is deserving of significant weight, then he is directed to 1) explicitly explain the reasons why he is not giving it significant weight; and 2) obtain another Physical RFC assessment from a treating physician. In the event that none of Plaintiff's treating physicians are willing to complete an RFC, then the ALJ is directed to order a consultative physical examination which includes the completion of a Physical RFC assessment by the examining physician.

## IV. Conclusion

Based on the foregoing, we recommend reversing the decision of the ALJ and remanding this case to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

**The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely**

AO72A
(Rev. 8/82)

**objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 11th day of September 2014.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)